THE BOARD OF COMMISSIONERS OF RANDOLPH COUNTY v. R. F. TROGDON.

An out-going sheriff is entitled to the commissions on the amount of taxes he pays to his successor in office, under the act of 1868, (special session) chap. 1, sec. 7.

CIVIL ACTION, tried at the Spring Term, 1876, of RANDOLPH Superior Court, before KERR, J., upon the following

CASE AGREED:

I. "In the year 1868, the gross amount of taxes levied for County purposes, was $9,051.32, and that the tax books, including both the State, which was $4,059.91, and County taxes for that year, were put into the hands of Z. T. Rush, then sheriff.

II. That of the State and County taxes, Sheriff Rush collected the gross amount of $6,343.73; that this amount was

made up of both State and County tax,—he collecting both the State and County tax of each tax-payer from whom he made collection.

III. That after collecting the aforesaid amount, he was required to by law, to turn over to the defendant, R. F. Trogden, his successor as sheriff; and did turn over accordingly the tax books with all the remainder of the taxes, both State and County, uncollected, and also the sum of $850, in money, being a part of the aforesaid collection of $6,343.73, failing and refusing to account to, or settle with the said Trogden further.

IV. That the said Z. T. Rush accounted to, and paid over without the assent of Trogden, to the County Treasurer, the sum of $5,483.23, including the sum of $321.09, which he retained, being the entire amount of commissions on the aggregate amount of $6,343.73 collected by him.

V. That the defendant, R. F. Trogden, collected and paid over to the State, out of the money collected by him, the entire State tax for that year.

VI. That there was, after deducting the entire amount of $6,343.73 collected by Sheriff Rush, from the County taxes of that year, still due to the County the sum of $2,707.59, of which by way of insolvents and otherwise, he accounted for all except the aforesaid sum of $321.09, which Sheriff Rush had retained as commissions on the amount collected by him, Rush, which said sum the defendant retained, claiming that he was entitled to commissions of the said sum collected by said Rush."

Whereupon, his Honor delivered the following judgment:

In this action, upon the case agreed upon by consent of counsel upon both sides as to the facts, and submitting the questions of law arising thereon to the judgment of the Court: It is adjudged that Reuben F. Trogdon is entitled to retain commissions upon the entire amount of taxes assessed for the use of the County :

It is therefore ordered, that he recover of the plaintiff the costs of this action, to be taxed by the clerk.

From this judgment the plaintiff appeals, assigning as error:

Failure of the Court to adjudge that plaintiff recover $321.09, as claimed and set out in statement of facts.

*Scott & Caldwell*, for appellant.
*Tourgee*, contra.

BYNUM, J.   Which of the two, the old or the new sheriff, is entitled to the commissions in controversy? Both are not, that is admitted. Before the act of 1868, Special Ses., chap. 1, sec. 7, it was the duty of the sheriff to pay over to the State Treasurer the State taxes collected by him, and to the County Trustee the County taxes, deducting his commissions as allowed by law. The statutes thus cited was passed to meet the exigencies of a new and extraordinary state of things, growing out of the re-organization of our State government. Instead of requiring the taxes collected to be paid into the State and County treasury as heretofore, the act required them to be paid by the outgoing sheriff to his successor in office, he, however, retaining all commissions and fees accrued to the time of the transfer. Why are not the commissions as much accrued, when he is directed to pay the taxes collected to A under the act of 1868, as when directed to pay them to B under the old law. Rev. Code, chap. 99, sec. 120. When paid under the old law, the commissions were to be deducted, and when paid under the new, they are to be deducted; and in both cases the commissions are accrued and due. It was a matter of indifference to the old sheriff whether he paid the moneys to the County Treasurer or to the new sheriff. So in regard to the commissioners, it was equally a matter of indifference to the incoming sheriff, whether the taxes collected were

paid to him or the treasurer, as in either case the outgoing sheriff was authorised by the act to retain his accrued commissions, and the new sheriff was not entitled to them. The service was performed by the outgoing sheriff, and he was ready to pay over the amount collected, as he should be directed by law; and if the law directed the new sheriff to recieve the money, and the old to retain the commissions for his services, it may be a hardship on the new sheriff to be held responsible for this money without compensation, but it is a hardship imposed by the Act, for which the outgoing sheriff is in nowise responsible. He only gets the compensation allowed him by law, for services rendered. The successor must look to the State and County for *his* compensation, as he is their agent.

This is a case agreed, and the opinion of the Court is confined to that. Other allegations are made in the pleadings, and an argument by the counsel of the defendant is based upon them. We are precluded by the case agreed from a notice of anything outside of it, farther than to observe that nothing stated even in the answer can affect the right of recovery by the plaintiff. The sum retained by the defendant, and claimed as commissions, is $321.09, this being the exact amount which was deducted as commissions on the taxes collected by Rush, the former sheriff, in his settlement with the County Treasurer and Commissioners. This sum, with interest from the time of demand made, the plaintiffs are entitled to recover. The demand seems to have been made a short time before the institution of the action. The action was begun on the 24th of November, 1874, and interest will be calculated from that date.

There is error. Judgment reversed, and judgment here in accordance with this opinion.

PER CURIAM.                    Judgment accordingly.